IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JASON MATHEW WEAVER                                                          PLAINTIFF

      v.                Civil No. 4:09-cv-04042

FORMER SHERIFF LINDA
RAMBO, Miller County, Arkansas;
BRENT HALTROM, District Attorney,
Miller County, Arkansas; and
SHANNON TUCKETT, Public
Defender, Miller County, Arkansas                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jason Mathew Weaver (hereinafter Weaver), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is currently before me for a determination of whether service of process should issue.

### Background

When Weaver filed this case he was incarcerated at the Miller County Correctional Facility (MCCF) located in Texarkana, Arkansas. According to the allegations of the complaint, in October of 2008, the MCCF did not have an accessible law library. Weaver alleges the Miller County Sheriff Linda Rambo did not provide him with a law library before his criminal case went to court.

Weaver had a public defender, Shannon Tuckett, who represented him. However, he alleges she handled the case "without studying or negotiating at all." He maintains Tuckett indicated the

-1-

only available punishment was prison time. Weaver asserts Tuckett did not discuss with him alternative treatment programs or other options. Without an available law library, he states he could not "look up what the law states and provides as options." Weaver does not believe Tuckett provided him with an adequate defense.

Weaver states the district attorney handling the case was Brent Haltrom. Weaver maintains Haltrom knowingly accepted a "plea without the use of such library." By not insuring that "inmates have access to a law library," Weaver maintains Haltrom "held an unfair and unjust balance in the legal system."

On October 9, 2008, Weaver entered a guilty plea to aggravated assault, two counts of forgery, and theft of property. As relief, Weaver requests a sentence reduction and/or a monetary settlement.

**Discussion**

This case is subject to dismissal. First, Weaver's claim that he was denied access to a law library fails as a matter of law. A detainee is afforded meaningful access to the courts in connection with his criminal case when he is represented by a public defender and the detention center did nothing to hinder his access to his attorney. *See e.g., Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989); *Quam v. Minnehaha County Jail*, 821 F.2d 522, 523 (8th Cir. 1987). In this case, Weaver was represented by a public defender and he does not allege that detention center personnel did anything to interfere with his ability to communicate with his attorney.

Second, the claim against Shannon Tuckett is subject to dismissal. To state a claim under § 1983, a Plaintiff must allege that the Defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d

509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Finally, Weaver's complaint as against Brent Haltrom is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

## **Conclusion**

For the reasons stated, I recommend that this action be dismissed for failure to state a claim, because the claims are frivolous, or the claims are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time).

**Weaver has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Weaver is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of August 2009.

/s/ Barry A. Bryant
HON.  BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE